O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CEDRIC BAINES,<br><br>              Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>              Defendant. | Case No. EDCV 09-1121-MLG<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Cedric Baines seeks judicial review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed and the action is dismissed with prejudice.

**I.    Background**

    Plaintiff was born on December 13, 1984. (Administrative Record ("AR") at 38, 146.) He did not complete high school and has some special job training in the California Conservation Corps. (AR at 29, 122.) Plaintiff received SSI benefits until his benefits were terminated when

he was eighteen pursuant to a Disability Redetermination Decision dated November 19, 2003. (AR at 101-104.)

Plaintiff filed an application for benefits on September 2, 2005, alleging that he had been disabled since March 3, 1992 due to a personality disorder and a learning disorder. (AR at 146.) The application was denied initially on December 30, 2005, and upon reconsideration on June 7, 2006. (AR at 96-100, 88-92.) An administrative hearing was held on May 29, 2008, before ALJ Joseph D. Schloss. (AR at 22-37.) On June 17, 2008, the ALJ issued an unfavorable decision. (AR at 12-21.) After the Appeals Council denied review, Plaintiff filed this action for judicial review. On August 18, 2009, the Court vacated and remanded the matter to the Commissioner pursuant to a joint stipulation because several exhibits referenced in the ALJ's June 17, 2008 decision could not be located. (AR at 54.)

On remand, a second administrative hearing was held on May 19, 2010. (AR at 32-37.) On July 1, 2010, ALJ Schloss again denied Plaintiff's application for benefits. (AR at 5-11.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. (AR at 7.) The ALJ further found that the medical evidence established that Plaintiff suffered from the severe impairments, including a history of learning disorder and a possible history of drug abuse. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(c). (AR at 11.)

The case was then reopened in this Court. On August 18, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and

issues. Plaintiff contends that (1) the ALJ erred in finding that Plaintiff's condition did not meet Listing 12.05B and in failing to develop the record, and (2) the ALJ failed to properly consider the opinion of Plaintiff's treating physician. (Joint Stip. at 3.) Plaintiff seeks a reversal of the Commissioner's denial of his application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 25.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 25.)

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

    **A.    The ALJ Properly Determined that Plaintiff's Impairment Does Not Meet or Equal a Listed Impairment**

Plaintiff contends that the ALJ failed to properly consider whether he meets Listing 12.05B for mental retardation. (Joint Stip. at 3.) A social security applicant who has an impairment that meets or equals one of the Social Security Administration's listed impairments is considered disabled. 20 C.F.R. § 404.1520(a)(4)(iii). In order to meet Listing 12.05B, an individual must have "[a] valid verbal, performance, or full scale IQ of 59 or less." 20 CFR Pt. 404, Subpt. P, App. 1, 12.05. Plaintiff contends that he meets Listing 12.05B based upon a Psychological Assessment conducted on December 24, 1995 when Plaintiff was eleven years old by Dr. Haig J. Kojian, Ph.D., which assessed Plaintiff with a verbal IQ of 47, a performance IQ of 72 and a full scale IQ of 56. (Joint Stip. at 3, citing AR at 172-178.)

The ALJ rejected Dr. Kojian's report primarily because it was conducted in 1995, almost ten years prior to the filing date, and was therefore outside the relevant time frame. (AR at 10.) The ALJ also gave little weight to the report because Dr. Kojian did not diagnose Plaintiff with mental retardation and because the more recent evidence in the record did not support a finding of anything greater than minimal work-related limitations. (Id.) In addition, the ALJ relied upon the fact that the State Agency physicians "noted significant credibility concerns and major conflicts between objective test results taken at different times." (Id.)

Substantial evidence supports the ALJ's determination that Plaintiff did not meet any listing, including Listing 12.05B. The mere

diagnosis of a listed impairment is not sufficient to sustain a finding of disability. 20 C.F.R. § 404.1525(d); *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). Indeed, "[i]t is not enough for an applicant to show he has a severe impairment that is one of the listed impairments to find him per se disabled." *Young v. Sullivan*, 911 F.2d 180, 181 (9th Cir. 1990). To "meet" a listed impairment, a claimant must present medical findings establishing that he meets each characteristic of the listed impairment. 20 C.F.R. § 404.1525(d); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

Here, Dr. Kojian's 1995 Psychological Assessment does not establish that Plaintiff meets the required level of severity for mental retardation. In fact, Dr. Kojian never actually diagnosed Plaintiff with mental retardation. Rather, he found that Plaintiff had "borderline intellectual functioning" (AR at 174), which is a categorization of intelligence in which a person has below average cognitive ability, that is, an IQ of 71-85, but the deficit is not as severe as mental retardation, which is defined as an IQ of 70 or below. Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV).

Dr. Kojian also noted that there were possible reasons, aside from mental retardation, which could explain the large discrepancy between Plaintiff's verbal and performance IQ scores. Dr. Kojian noted that the 25 point difference between Plaintiff's verbal and performance IQ scores was "statistically significant" because "differences of this size or greater were found in only 5% of the children" who took these IQ tests. (AR at 175.) Dr. Kojian concluded that possible reasons for the discrepancy were that Plaintiff's "nonverbal skills are better developed than expressive language skills, visual processing is better developed than auditory processing, [or] a language deficit may exist." (AR at

176-177.) Thus, there were reasons other than mental retardation which would account for Plaintiff's very low verbal IQ scores.

In addition, multiple medical sources examined Plaintiff and concluded that he was not mentally retarded. Despite Plaintiff's childhood IQ scores, Dr. Clifford Taylor, Ph.D., the consultative examining psychologist, examined Plaintiff and diagnosed Plaintiff's mental impairment as "borderline intellectual functioning," not mental retardation. (AR 190-196.) Dr. Taylor also determined that invalid test scores and a finding of malingering prevented him from diagnosing Plaintiff with mental retardation. (AR 9, 190-196.) Also, after a psychiatric consultative examination on October 3, 2003, the examining psychiatrist, Dr. Louis Fontana, M.D., determined that Plaintiff had borderline intellectual functioning as well as dyslexia and dysgraphia but that there was no evidence that Plaintiff was mentally retarded. (AR at 239-241.) Dr. Fontana concluded that Plaintiff would be capable of at least simple, repetitive work. (AR at 241.)

Plaintiff also contends that the ALJ had a special duty to more fully develop the record regarding his alleged mental retardation. (Joint Stip. at 9.) A disability applicant bears the burden of proving disability and must provide medical evidence demonstrating the existence and severity of an alleged impairment. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(c). Nonetheless, an ALJ has a "duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes*, 276 F.3d at 459. An ALJ's duty to augment an existing record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Id*. (citing *Tonapetyen v. Halter*,

242 F.3d 1144, 1150 (9th Cir. 2001)).

Here, however, there were no ambiguous medical records or conflicting medical findings that would trigger the ALJ's duty to develop the record. As discussed in detail above, there was no medical evidence in the record that Plaintiff was mentally retarded. Rather, each of the medical sources opined that Plaintiff had "borderline intellectual functioning," which is not considered to be mental retardation. The evidence of Plaintiff's "borderline intellectual functioning" was neither ambiguous nor conflicting. Therefore, the ALJ had no duty to further develop the record.

The ALJ properly determined that Plaintiff did not meet the requirements of Listing 12.05B. Accordingly, Plaintiff is not entitled to relief.

**B.   The ALJ Accorded Appropriate Weight to the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating psychologist, Dr. Jon Held, Psy.D. (Joint Stip. at 16.) Plaintiff claims that the Work Capacity Evaluation (Mental) prepared by Dr. Held on August 16, 2006 establishes that he has marked limitations in the ability to perform various work-related functions. (Id., citing AR at 180-181.) With respect to Dr. Held's August 16, 2006 report, the ALJ found as follows:

> Dr. Held, apparently a patient advocate, filled out a 2-page counsel-elicited checklist form on the same date, again without any objective evaluation, opining extreme functional limitations. These opinions are accorded little weight given the lack of objective evaluation and the claimant's credibility problems. Rather, the objective and more thorough

examination of Dr. Taylor is accorded the greatest weight. (AR at 9.)

An ALJ should generally accord greater probative weight to a treating physician's opinion than to opinions from non-treating sources. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyen v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Orn*, 495 F.3d at 631-33; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

The ALJ provided several legitimate reasons for refusing to give Dr. Held's opinion controlling weight, each of which was supported by substantial evidence in the record. First, the ALJ rejected Dr. Held's opinion because it was a "check-the-box" form without any supporting clinical or laboratory findings. (AR at 9, 180-181.) The August 16, 2006 opinion is a two-page report, in which Dr. Held checked off preprinted choices and did not provide any elaboration or explanation for his opinions. (AR at 180-181.) Thus, it was reasonable for the ALJ to refuse to give significant weight to Dr. Held's. *See Johnson v.*

*Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (holding that ALJ properly rejected physician's determination where it was "conclusory and unsubstantiated by relevant medical documentation"); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected "check-off reports that did not contain any explanation of the bases of their conclusions").

The ALJ also rejected Dr. Held's opinion because of the relatively short length of the treating relationship and the infrequency of contact. As the ALJ noted, "there is no evidence that Dr. Held had ongoing contact with the claimant...." Rather, "[t]he claimant was merely evaluated on two isolated occasions." (AR at 10.) These are proper reasons for the ALJ to refuse to give controlling weight to Dr. Held's opinion. *See Orn*, 495 F.3d at 631-33; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

The ALJ also noted that Dr. Held's finding of significant limitations in the ability to perform various work-related functions was undermined by Plaintiff's lack of credibility given the evidence of malingering and poor testing effort. In a psychological evaluation dated September 7, 2007, the consultative examining psychologist, Dr. Clifford Taylor, Ph.D., concluded that Plaintiff "was not a credible participant in the testing portion of the examination [because] he failed the Test of Memory Malingering and there were inconsistencies in attained IQ test scores, his presentation, and vocabulary." (AR at 195.) The ALJ noted there was no evidence that Dr. Held was aware of this evidence of malingering when he prepared the report. (AR at 10.)

In addition, Dr. Held's finding of marked limitations in Plaintiff's ability to perform work-related activities was inconsistent with the findings of Dr. Taylor, who opined that "[t]here

is no credible evidence of impairment in [Plaintiff's] ability to understand, remember, and carry out job instructions, maintain attention, concentration, persistence and pace, relate and interact with supervisors, coworkers, and the public, or adapt to day-to-day work activities other than a learning disorder per the medical records." (AR at 195.) The ALJ credited Dr. Taylor's opinion, finding that it was consistent with the evidence as a whole, unlike Dr. Held's August 16, 2006 opinion, which was contradicted by other evidence in the record. (AR at 19.) *See Tonapetyen*, 242 F.3d at 1149 (holding that the contrary opinion of a non-examining medical expert "may constitute substantial evidence when it is consistent with other independent evidence in the record").

The ALJ provided specific and legitimate reasons for rejecting Dr. Held's August 16, 2006 assessment, each of which is supported by substantial evidence in the record. Accordingly, no relief is warranted on this claim of error.

**IV.  Conclusion**

For the reasons set forth above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: August 25, 2011

_____
Marc L. Goldman
United States Magistrate Judge

10